STEPHEN M. HAYES (SBN 83583)
ROBERT S. McLAY (SBN 176661)
CHERIE M. SUTHERLAND (SBN 217992)
**HAYES SCOTT BONINO ELLINGSON & McLAY, LLP**
203 Redwood Shores Parkway, Suite 480
Redwood City, California 94065
Telephone: 650.637.9100
Facsimile: 650.637.8071

Attorneys for Defendant
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY


GREGORY M. HATTON (SBN 119810)
JOHN A. McMAHON (SBN 237261)
**HATTON, PETRIE & STACKLER APC**
20281 Birch Street, Suite 100
Newport Beach, California 92660
Telephone: 949.474.4222

Attorneys for Plaintiff
DAMERON HOSPITAL ASSOCIATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

(SACRAMENTO DIVISION)

| | |
|---|---|
| DAMERON HOSPITAL ASSOCIATION, a California Non-Profit Association,<br><br>Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 2:12-CV-02246-KJM-AC<br><br>**STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER REGARDING: (1) PRODUCTION OF DAMERON'S DOCUMENTS; AND (2) RESTRICTING DISSEMINATION OF DISCOVERY** |

# I.
## STIPULATION AND PROTECTIVE ORDER REGARDING PRODUCTION OF DAMERON'S DOCUMENTS

Defendant State Farm Mutual Automobile Insurance Company (hereinafter collectively referred to as "State Farm") and Plaintiff Dameron Hospital Association ("Dameron") hereby stipulate to the following protective order with respect to and to accommodate Dameron's production of certain documents in response to State Farm's requests for production of documents.

# II.
## PRODUCTION OF DOCUMENTS AND CUSTODY OF THE SAME

Dameron will produce responsive documents to State Farm's document requests (the "Documents") that have been requested and withheld based upon the proprietary, trade secret, confidential, and privacy rights (HIPPA) objections, without waiving those objections. Production of those Documents hereinafter specified shall take place by mail from and/or at:

Hatton, Petrie & Stackler APC
20281 Birch Street, Suite 100
Newport Beach, California 92660

and shall proceed in the following manner:

a)  This Order shall be served on all parties;

b)  All parties and counsel for all parties herein shall be subject to the Court Order for the purpose of limiting the dissemination of the Documents produced hereunder;

c)  Those persons viewing the requested Documents or copies of the same shall agree to the terms and conditions set forth in the Inspection and Viewing Record Agreement attached hereto; and

d)  Copies of all Documents produced by Dameron shall be designated "CONFIDENTIAL DOCUMENTS SUBJECT TO STIPULATION AND COURT ORDER" or a form of similar effect.

e)  In the event the parties agree to produce any documents pursuant to this stipulation in advance of the court's execution of the order, the parties hereby agree to fully abide by their respective rights and obligations herein as a stipulation and contract and as though this stipulation

was approved and ordered by the court.

### III.
### PERSONS AUTHORIZED TO TAKE CUSTODY

Only attorneys for parties of record, and law clerks, secretaries, translators, and qualified stenographers for said attorneys, and any experts actually hired for consultation and/or testimony in connection with this case, shall be allowed to view and retain custody of copies of the "Documents" or notes taken therefrom.

### IV.
### PROCEDURE FOR GRANTING CUSTODY

Prior to granting custody of copies of the subject Documents or notes taken therefrom, each person who is to take such custody shall be brought within the personal jurisdiction of the Court, including its contempt power, by signing a copy of this order signifying agreement to its provisions and consent to jurisdiction of the Court over his or her person for any proceedings involving alleged improper disclosures.  Each such signature shall be made under penalty of perjury.

The failure to have each person sign a copy of this order prior to granting custody of copies of the subject documents or notes taken therefrom, will result in the prohibition of the parties using these documents for any purpose including this case.

### V.
### INSPECTION AND VIEWING RECORD AGREEMENT

No person shall be allowed or authorized to examine any portion of said Documents or notes arising therefrom, or to discuss the contents of either, until such persons has:

(1)   Read this Court Order; and

(2)   Completed and signed the "Inspection and Viewing Record Agreement" attached hereto as Exhibit "A".

### VI.
### JURISDICTION

Each person signing the "Inspection and Viewing Record Agreement" thereby agrees to be subject to the jurisdiction of this Court for contempt and other appropriate proceedings in the event of an alleged violation of this Protective Order.

443271

-3-

**STIPULATION & PROTECTIVE ORDER REGARDING PRODUCTION OF DAMERON'S DOCUMENTS AND RESTRICTING DISSEMINATION OF DISCOVERY – CASE NO. 2:12-CV-02246-KJM-GGH**

## VII.
## NON-DISCLOSURE

No person authorized hereunder to view copies of the Documents or to make notes therefrom, may disclose any portion of the subject matter or contents of either any person not authorized hereunder.

## VIII.
## NON-DISSEMINATION

The Documents, copies of any portion of the same, contents of the Documents itself and all notes arising from examination of said Documents, as well as discussions of the contents thereof, shall be used only in connection with the present case of *Dameron Hospital Association v. State Farm, et al.*, United States District Court – Eastern District, Case Number 2:12-CV-02246-KJM-AC, and shall be used for no other purposes whatsoever including, but not limited to, other lawsuits, actions, claims or demands.

## IX.
## ALL DOCUMENTS REVEALED TO THE COURT SHALL BE SEALED

All motions or other Documents filed with the Court, if any, which reveal any portion of the contents of the Documents, or notes arising therefrom, shall be filed in a sealed envelope directly with the United States District Court – Eastern District and shall be considered sealed Documents until further order of the Court.  At any hearing or proceeding in which any Document covered by this order is referred to, revealed or discussed, either party can request that the hearing or proceeding be conducted in chambers.  Any records made of such proceedings shall also be sealed until further order of the Court, if any.  To the extent that private information contained in documents can be protected by redaction of sensitive information, the parties may submit documents to the Court with appropriate redaction of sensitive, private information.

## X.
## NON-WAIVER

The production of the subject Documents for inspection, viewing and custody shall not constitute a waiver of Dameron's right to claim in this lawsuit or otherwise, that said Documents or any Documents described therein are privileged or otherwise non-discoverable or admissible.

-4-

**STIPULATION & PROTECTIVE ORDER REGARDING PRODUCTION OF DAMERON'S DOCUMENTS AND RESTRICTING DISSEMINATION OF DISCOVERY – CASE NO. 2:12-CV-02246-KJM-GGH**

## XI.
## SURRENDER OF DOCUMENTS

At the conclusion of the subject litigation, all documents provided, and any copies thereof, under this protective order shall be returned to Dameron's counsel, with a declaration, signed by Dameron's counsel under penalty of perjury, that all documents provided, and any copies thereof, under the protective order have been returned to State Farm's counsel.  The Documents are to be returned as soon as possible and no later than seven (7) days from the date of the dismissal of the action with the declaration.

## XII.
## DESIGNATION OF PRIVILEGED DOCUMENTS

All copies of all Documents subject to this Order shall be returned to counsel for Dameron within 15 days of the conclusion of the action entitled *Dameron Hospital Association v. State Farm, et al.,* United States District Court – Eastern District, Case Number 2:12-CV-02246-KJM-AC.

**IT IS SO STIPULATED.**

Dated:  April 22, 2013                HATTON, PETRIE & STACKLER APC


By /s/ John A. McMahon, Esq.
    GREGORY M. HATTON
    JOHN A. McMAHON
    Attorneys for Plaintiff
    DAMERON HOSPITAL ASSOCIATION


Dated:  April 22, 2013                HAYES SCOTT BONINO ELLINGSON &
                                      McLAY, LLP


By /s/ Cherie M. Sutherland, Esq.
    STEPHEN M. HAYES
    ROBERT S. McLAY
    CHERIE M. SUTHERLAND
    Attorneys for Defendants
    STATE FARM MUTUAL AUTOMOBILE
    INSURANCE COMPANY

443271

-5-

**STIPULATION & PROTECTIVE ORDER REGARDING PRODUCTION OF DAMERON'S DOCUMENTS AND RESTRICTING DISSEMINATION OF DISCOVERY – CASE NO. 2:12-CV-02246-KJM-GGH**

## ORDER

The above STIPULATION hereby becomes the PROTECTIVE ORDER of the court.

Dated: April 24, 2013.

By _/s/ Allison Claire_

HONORABLE ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

**STIPULATION & PROTECTIVE ORDER REGARDING PRODUCTION OF DAMERON'S DOCUMENTS AND RESTRICTING DISSEMINATION OF DISCOVERY – CASE NO. 2:12-CV-02246-KJM-GGH**