UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMERON HOSPITAL ASSOCIATION, | No. 2:12-cv-02246-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., | |
| Defendant. | |

        This matter is before the court on plaintiff's motion to stay (ECF 16), which the court has decided on the papers. For the reasons below, the court GRANTS plaintiff's motion.

I.    BACKGROUND

        Defendant was served with plaintiff's first amended complaint on August 3, 2012. (*See* Notice of Removal, ECF 2.) Defendant removed this action to this court based upon diversity jurisdiction on August 30, 2012. (*Id.*) Plaintiff alleges two causes of action: violation of California's Unfair Competition Law section 17200, *et seq.* and violation of the Hospital Lien Act ("HLA"), Civil Code section 3045.1, *et seq.* (First Am. Compl. (FAC), ECF 2-1.) The gravamen of plaintiff's complaint is that defendant allegedly did not honor plaintiff's lien by paying plaintiff's full billed charges. (Am. Mot. to Stay, ECF 16 at 3.) Plaintiff has filed similar actions
/////

in other courts; most of them have been stayed while the California Court of Appeal hears plaintiff's appeal from an adverse summary judgment ruling in one of these cases. (*Id.*)

Plaintiff filed the instant amended motion to stay on September 10, 2013. (ECF 16.) Defendant opposed on September 27, 2013 (ECF 18), and plaintiff replied on October 4, 2013 (ECF 27).

II.     STANDARD

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The court weighs the following factors when considering a motion to stay: "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). A district court must also consider the length of the proposed stay. *See Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000).

III.    ANALYSIS

Plaintiff asserts a stay is warranted primarily because an issue of law central to this case is currently before the California Court of Appeal in another case plaintiff is litigating. (ECF 16 at 6.) That issue of law, which plaintiff claims is an issue of first impression in California, is whether "HLA liens to recover a hospital's full rates are enforceable where the injured patient's health insurer has paid for these services, albeit under a lower, agreed upon rate." (*Id.* at 7.) Plaintiff contends a stay will favor judicial economy, the parties' pockets, legal consistency, and that it would not prejudice defendant. (*Id.* at 7–8.)

Defendant argues plaintiff has provided no evidence to support the contention that the Court of Appeal will resolve issues presented in this action. (ECF 18 at 5.) The parties already have been litigating this case for over a year, defendant notes. (*Id.* at 10.) Moreover, defendant asserts it will suffer prejudice if this matter is stayed because a stay would prolong the resolution of this case without sufficient justification. (*Id.* at 8.)

/////

In reply, plaintiff argues that the primary issue in defendant's motion for summary judgment is also before the California Court of Appeal. (ECF 27 at 2–4.) That issue is whether plaintiff's liens are invalid because plaintiff did not follow HLA notice procedures. (*Id.*) In support of this contention, plaintiff attaches its adversary's appellate brief. (Ex. B, ECF 27-1.)

The court finds a stay is warranted. Plaintiff has shown that at least one issue of law currently before the Court of Appeal is central to the instant case: whether plaintiff's liens are ineffective because notices of the liens were not served upon all parties as required by statute. (*Id.*) This is a question of state law, *see* CAL. CIV. CODE § 3045.1; in the absence of California Supreme Court precedent, a state appellate court decision will provide this court some guidance in resolving the issue, *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001). Judicial economy outweighs any prejudice defendant may experience from a routine stay. The court exercises its discretion to stay this case. *See Clinton*, 520 U.S. at 706.

IV.   CONCLUSION

For the foregoing reasons, plaintiff's motion to stay is GRANTED. This case is STAYED until the California Court of Appeal issues a decision in *Dameron Hospital Association v. CSAA, et al.*, C070475. The parties shall file joint status reports every ninety days updating the court on the status of that case and shall notify the court immediately upon the issuance of a decision.

IT IS SO ORDERED.

Dated: October 15, 2013.

_____
UNITED STATES DISTRICT JUDGE